JUDGE SWEET

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CIV 8159

------------------------------------- X
BENJAMIN CHARLES,
                                    Plaintiff,
            -against-

THE CITY OF NEW YORK, AND NEW YORK CITY
POLICE DEPARTMENT POLICE OFFICERS, P.O.
BRIANNE VERGANO, SHIELD # 24605; P.O.
JOSEPH DAVIN, SHIELD #24383; P.O. ALAN
HASSEL, SHIELD # 21029; P.O. TORRELL
ROWESINGLETON, SHIELD # 15378; P.O.
CHRISTOPHER ASCAZUBI, SHIELD # 17865;
P.O. SEAN OBRIEN SHIELD # 28215; P.O.
JAMES BURPOE, SHIELD # 13067 AND P.O
"JOHN or JANE DOES 1-10"; individual
defendants sued in their individual and
official capacities,
                                    Defendants.
------------------------------------- X

**COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED
NOV 15 2013
U.S.D.C. S.D.N.Y.
CASHIERS

**PRELIMINARY STATEMENT**

1.  This is a civil rights, common law, and tort action in which plaintiff seeks relief for the violation of his rights secured by the laws of the State of New York; New York State Constitution; 42 U.S.C. §§ 1983 and 1988; and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.  Plaintiff's claims arise from an incident that arose on or about August 21, 2012.  During the incident, The City of New York, and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things, assault, battery, unreasonable force, failure to intervene, and respondeat superior liability.  Plaintiff seeks compensatory and punitive damages from the individual defendants, compensatory

damages from the municipal defendant, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2. Within 90 days of the incidents alleged in this complaint, plaintiff served upon defendant The City of New York a Notice of Claim setting forth the name and post office address of plaintiff, the nature of the claim, the time when, the place where and the manner in which the claim arose and the items of damages or injuries claimed.

3. More than 30 days have elapsed since plaintiff's demands and/or claims were presented to defendant the City of New York for adjustment and/or payment thereof, and the defendant has neglected and/or refused to make any adjustment and/or payment.

4. Defendant the City of New York requested an examination pursuant to Municipal Law 50-H. However at the request of the plaintiff, the hearing was adjourned, pending the conclusion of the related criminal matter. At the conclusion of the criminal matter, attorney for the plaintiff will notify the defendants, to schedule the examination.

5. This action is being commenced within one year and ninety days of the date of the occurrence herein.

6. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

7. Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in New York County, and New York County is subject to personal jurisdiction in the Southern District of New York.

**PARTIES**

8. Defendant The City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

9. Police Officers P.O. Brianne Vergano, shield # 24605; P.O. Joseph Davin, shield #24383; P.O. Alan Hassel, shield # 21029; P.O. Torrell Rowesingleton, shield # 15378; P.O. Christopher Ascazubi, shield # 17865; P.O. Sean Obrien shield # 28215; P.O. James Burpoe, shield # 13067 are NYPD police officers, employed in Patrol Bureau Manhattan North, Command 162 or the 28th precinct or another as yet unknown NYPD assignment who violated plaintiff's rights as described herein.

10. Police officers John or Jane Does 1-10 are NYPD police officers, employed in the Patrol Bureau Manhattan North, Command 162 or the 28th Precinct, located in New York County New York, or another as yet unknown NYPD assignment who violated plaintiff's rights as described herein.

11. The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

12. On August 21, 2012, at and in the vicinity of 116th Street and 8th Avenue (Frederick Douglas Boulevard), New York, New York, in New York County, defendant Police Officers, acting in concert and at times independently, committed the following illegal acts against plaintiff.

13. On August 21, 2012, at approximately 8:40 p.m., at and in the vicinity of 116th Street and 8th Avenue (Frederick Douglas Boulevard), plaintiff was riding his motor-cycle, southbound on 8th Avenue, when an officer stepped off the sidewalk and tried to hit him with a baton.

14. The swing of the baton, caused plaintiff to swerve and nearly fall off.

15. Plaintiff stopped to complain to the officers.

16. When plaintiff stopped to complain to the officers, one of the officers came from behind the plaintiff and hit him, knocking him off the bike.

17. The officers then hit plaintiff with a baton, kicked him, punched him, held him down by placing a knee on his face, and continued to kick, punch and otherwise beat him.

18. The officers then sprayed mace in his face and then placed excessively tight handcuffs on plaintiff.

19. After plaintiff was in handcuffs, the officers continued to beat plaintiff.

20. The officers who did not touch plaintiff did nothing to stop this beating.

21. Witnesses to the incident attempted to video tape the incident, and to prevent the witnesses from videotaping the attack, police officers shined a light in the direction of the witnesses.

22. After the officers were done beating plaintiff, they took his motor-cycle and solely for their enjoyment and personal gratification and without any official purpose, drove it down the avenue.

23. The officers then placed plaintiff in a van.

24. While in the van, one of the officers, punched plaintiff.

25. The officers took plaintiff to the 28th precinct to process his arrest, and then took him to Manhattan Central Booking.

26. The defendants acted under the pretense and color of the law and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights.

27. As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

28. Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

### FIRST CLAIM
### (ASSAULT)

29. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

30. Among other things as described above, defendants' search and seizure, battery, false arrest, and excessive use of force against plaintiff placed him in fear of imminent harmful and offensive physical contacts.

31. Accordingly, defendants are liable to plaintiff under New York State law for assault.

### SECOND CLAIM
### (BATTERY)

32. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

33. Among other things as described above, defendants' search and seizure, false arrest, and excessive use of force against plaintiff were illegal physical contacts.

34. Accordingly, defendants are liable to plaintiff under New York State law for battery.

### THIRD CLAIM

### (UNREASONABLE FORCE)

35. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

36. The individual defendants' use of force upon plaintiff was objectively unreasonable.

37. The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff, since plaintiff was unarmed, compliant, and did not resist arrest.

38. Those defendants who did not touch the plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

39. Accordingly, the defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## FOURTH CLAIM

### (FAILURE TO INTERVENE)

40. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

41. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

42. Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## FIFTH CLAIM

### (DENIAL OF FAIR TRIAL)

43. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

44. The defendants are liable to plaintiff because they intentionally conspired to fabricate evidence against plaintiff, depriving plaintiff of liberty without due process of law.

45. Furthermore, the defendants violated the law by making false statements by drafting and/or signing a sworn criminal court complaint and false police reports.

46. Furthermore, the individual defendants violated the law by manipulating evidence to obtain a prosecution and

unjust conviction, while performing the function of investigators.

47. The individual defendants were on notice that creating fabricated evidence is a clear violation of law because it is well established that individuals who knowingly use false evidence at trial to obtain a conviction act unconstitutionally and it is redressable in an action for damages under 42 U.S.C. § 1983.

48. The individual defendants are also liable to plaintiff because they intentionally created false information likely to influence a fact finder's or jury's decision by, inter alia, forwarding false information to prosecutors, drafting and signing a sworn criminal court complaint and police reports, omitting and/or manipulating evidence, fabricating testimony and evidence, suppressing and concealing exculpatory material and evidence, and forwarding and presenting false information to a court thereby violating plaintiff's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.

### SIXTH CLAIM

**(RESPONDEAT SUPERIOR)**

49. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

50. Defendant The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

51. Upon information and belief, defendant The City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

52. Nevertheless, defendant The City of New York exercised deliberate indifference by failing to take remedial action. The County failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them. Moreover, upon information and belief, defendant The City of New York failed to adequately investigate prior complaints filed against the individual defendants.

53. Further, defendant The City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop and/or arrest innocent individuals, based on pretexts, in order to meet productivity goals, in minority and low-income neighborhoods.

54. The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

**WHEREFORE**, plaintiff demands a jury trial and judgment and compensatory damages, individually and/or collectively in an amount that exceeds the jurisdiction of all lower courts that would otherwise have jurisdiction as to the above-stated cause of action against all defendants; punitive damages in an amount to be determined at trial as and for the above-stated causes of action against the individual defendants; together with costs and disbursements of this action and legal fees pursuant to 42 U.S.C. § 1988; and such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief; and such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:   New York, New York

November 15, 2013

ADAMS & COMMISSIONG LLP,
*Attorneys for Plaintiff*
65 Broadway Suite 715
New York, New York 10006
212-430-6590
martin@amcmlaw.com

By:

_____
MARTIN E. ADAMS, ESQ.